IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JOUREY NEWELL, individually and on Behalf of a class of all persons and entities Similarly situated, | ) ) ) ) | Case No. 1:19-cv-04292 |
| Plaintiff, | ) ) | |
| v. | ) ) | Hon. Rebecca R. Pallmeyer |
| OXFORD MARKETING PARTNERS, LLC, | ) ) ) | |
| Defendant. | ) | |

**DEFENDANT OXFORD MARKETING PARTNERS, LLC'S MOTION TO STRIKE CLASS ALLEGATIONS FOR CLASS 2 OF PLAINTIFF'S COMPLAINT PURSUANT TO FED. R. CIV. P. 23(d)(1)(D)**

Defendant, Oxford Marketing Partners, LLC ("Oxford"), by and through its undersigned counsel, hereby moves to strike the class allegations relating to Class 2 of Plaintiff's Complaint. In support hereof, Oxford states as follows:

**INTRODUCTION**

The relief sought in this Motion is very limited: striking one of the two proposed classes that Plaintiff seeks to certify, as it does not define a class of potential class members who all have standing to pursue claims.

Plaintiff's claims are based on the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. The first class that Plaintiff proposes is the more typical variety in TCPA cases: a class based on persons who allegedly received unauthorized telemarketing calls from Oxford using an automatic telephone dialing system ("ATDS") or an artificial or prerecorded voice (among other requirements). (Compl. ¶ 54 [Dkt. No. 1].) While Oxford denies the factual bases

for Plaintiff's individual allegations and that this first class could be certified, Oxford does not move to strike that proposed class allegation at this time.

The second proposed class, however, can never be certified and should be stricken. Class 2 is defined as:

> All natural persons within the United States to whom: (a) Defendant, and/or a third party acting on its behalf, made two or more calls in a twelve-month period; (b) which constitute telemarketing; (c) at any time in the period that begins four years before the date of the filing of this Complaint to trial.

(Compl. ¶ 54.)

That is, Plaintiff proposes a class of *anybody* who received two or more telemarketing calls from Oxford, or a third party "acting on its behalf," in the past four years (and counting). The proposed class does not require that any such calls were made via an artificial or prerecorded voice, via an automatic telephone dialing system, without the consent of the called party, in the absence of a pre-existing business relationship, after a request to not be called had been made, or any of the usual caveats.

Instead, Plaintiff wants to rope in as class members literally every single person that Oxford (or a third party with whom it has a business relationship) has called for marketing purposes. That includes people who consented to the calls, who were called directly by a person and not an ATDS, with whom Oxford has an existing business relationship and/or who never asked not be called. The whole basis for Plaintiff's overly broad and unsustainable class definition presumably is the allegation that every single person that Oxford or a third party acting on its behalf called for marketing purposes was wronged because Oxford purportedly did not have proper internal procedures to respond to "do not call" requests (whether or not a call recipient ever made such a request).

This is not a proper class, as it includes many proposed class members who have suffered no injury and lack standing to pursue a claim. And to the extent that Class 2 was intended to provide for the inclusion only of persons who were called after making a "do not call" request to Oxford, it too would fail and should not be allowed. The proposed Class 2 should be stricken from the Complaint.

## BACKGROUND

Plaintiff asserts two counts against Oxford for allegedly violating the TCPA. In Count I, Plaintiff alleges that Oxford is liable for violating 47 U.S.C. § 221(b), which prohibits certain calls using an artificial or prerecorded voice or an ATDS. (Compl. ¶¶ 67-71.) In Count II, Plaintiff alleges that Oxford did not have proper procedures for maintaining a list of persons who do not want to receive calls and did not honor do-not-call requests pursuant to 47 U.S.C. § 227(c). (Compl. ¶¶ 72-77).

Based on these allegations, Plaintiff has proposed two classes. Class 1 is not at issue here. Class 2 is defined as follows:

> All natural persons within the United States to whom: (a) Defendant, and/or a third party acting on its behalf, made two or more calls in a twelve-month period; (b) which constitute telemarketing; (c) at any time in the period that begins four years before the date of the filing of this Complaint to trial.

(Compl. ¶ 54.)

Oxford moves to strike the class allegations in Class 2.

## ARGUMENT

Fed. R. Civ. P. 23(d)(1)(D) allows courts to "require that the pleadings be amended to eliminate allegations about representation of absent persons and that the action proceed accordingly." Rule 23(c)(1)(A) provides that a court, "[a]t an early practicable time … must determine by order whether to certify the action as a class action." Fed. R. Civ. P. 23(c)(1)(A).

3

A motion to strike class allegations is an appropriate mechanism to determine whether a case may proceed as a class action, and this motion may be granted at the pleading stage and prior to discovery. *See, e.g.*, *Lee v. Children's Place Retail Stores, Inc.*, No. 14 C 3258, 2014 U.S. Dist. LEXIS 145787, at *3 (N.D. Ill. Oct. 8, 2014); *Wright v. Family Dollar, Inc.*, No. 10 C 4410, 2010 U.S. Dist. LEXIS 126643, at *2-4 (N.D. Ill. Nov. 30, 2010); *Muehlbauer v. Gen. Motors Corp.*, 431 F. Supp. 2d 847, 870 (N.D. Ill. 2006). "Courts in this District [ ] evaluate motions to strike class allegations under Rule 23, not Rule 12(f)." *Buonomo v. Optimum Outcomes, Inc.*, 301 F.R.D. 292, 295 (N.D. Ill. 2014). "Failing to meet any one of [Rule 23's] requirements precludes class certification." *Id.* at 296, quoting *Harper v. Sheriff of Cook County*, 581 F.3d 511, 513 (7th Cir. 2009).

Motions to strike allegations are not disfavored; rather, "a motion to strike class allegations, made pursuant to these provisions [of Rule 23], is an appropriate device to determine whether the case will proceed as a class action." *Lee*, 2014 U.S. Dist. LEXIS 145787 at *4; *see also Huddleston v. Am. Airlines, Inc.*, No. 16-cv-09100, 2018 U.S. Dist. LEXIS 169962, at *5-6 (N.D. Ill. Oct. 2, 2018). "[T]he court may decide to reject a plaintiff's attempt to represent a class as soon as it becomes obvious that the plaintiff will be unable to satisfy Rule 23." *Hill v. Wells Fargo Bank, N.A.*, 946 F. Supp. 2d 817, 829 (N.D. Ill. 2013). A "'court may deny class certification even before the plaintiff files a motion request certification' and … a court 'need not delay a ruling on certification if it thinks that additional discovery would not be useful in resolving the class determination.'" *Id.* at 830, quoting *Kasalo v. Harris & Harris, Ltd.*, 656 F.3d 557, 563 (7th Cir. 2011).

"[W]hen considering class certification under Rule 23, a district court may look beneath the surface of a complaint." *Lee*, 2014 U.S. Dist. LEXIS 145787 at *4. "Because a defendant's

4

motion to strike class allegations is a vehicle for analyzing the appropriateness of class certification, … the court is not limited to the face of plaintiff's complaint when considering the motion." *Id.* at *4-5. Not only can the Court look beneath the surface of the complaint, the Court does not presume that all well-pleaded allegations in the complaint are true. *Huddleston*, 2018 U.S. Dist. LEXIS 169962, at *6-7. While there is a disagreement in this District over which party bears the burden of persuasion on motion to strike class allegations, the result here is the same regardless of which party bears this burden. *Huddleston*, 2018 U.S. Dist. LEXIS 169962, at *7.

The proposed Class 2 would include a vast number of people who could not possibly have standing to pursue claims against Oxford. For this reason, it should be stricken. To the extent that Plaintiff intended to define the class as only those members who requested not to be called and were called after making that request, Class 2 still would not state a viable class and should not be allowed.

**I.  Class 2 Should Be Stricken Because It Is Overly Broad and Includes "Untold Numbers" of Potential Members Without Standing to Pursue Claims.**

A class definition should obviously only include similarly situated persons with standing to seek a claim. *See, e.g., Martinez v. Haleas*, No. 07 C 6112, 2009 U.S. Dist. LEXIS 78974, at *8-10 (N.D. Ill. Sept. 2, 2009) (denying class certification where "[n]ot everyone in that proposed class, however, has standing to maintain the action on their own" where many of the included individuals did not suffer any actual harm); *Sandoval v. City of Chicago*, No. 07 C 2835, 2007 U.S. Dist. LEXIS 77829, at *7 (N.D. Ill. Oct. 18, 2007) (refusing to certify a class where the definition "encompasses an untold number of potential members who lack standing to maintain the action on their own behalf"). A class "description must not be so broad as to include individuals who are without standing to maintain the action on their own behalf."

5

*Oshana v. Coca-Cola Co.*, 225 F.R.D. 575, 581 (N.D. Ill. 2005) (quoting *Guillory v. American Tobacco Co.*, No. 97 C 8641, 2001 U.S. Dist. LEXIS 3353, at *8 (N.D. Ill. Mar. 19, 2001)). "[P]roper class identification insures that those individuals actually harmed by defendant's wrongful conduct will be the recipients of the awarded relief." *Id.* (denying class certification for proposed class that was "overly inclusive and encompasses millions of potential members without any identifiable basis for standing").

The definition of Class 2 does not comply with this minimal legal requirement that all potential class members have standing to assert claims against Oxford. Instead, this proposed class is defined to include anybody whom Oxford lawfully called apparently based on an allegation that internal Oxford procedures did not comply with the TCPA requirement for persons who asked not to be called. Under Plaintiff's theory, every single person that Oxford called for marketing purposes was wrongfully called because it should not have been making any calls whatsoever without these internal procedures. This definition sweeps in parties without legally cognizable injuries who lack standing to pursue claims. As such, it is overly broad and cannot survive.

The TCPA does not provide a private right of action for all marketing calls that Oxford ever made to consenting individuals or those with whom Oxford had existing business relationships, or those that Oxford called individually and not using an ATDS, who never made any request not to be called, based on purportedly lacking internal procedures for persons who did request not to be called again. Nor could the TCPA provide such a cause of action, as any such party would lack standing to bring a claim: "injury in fact is the '[f]irst and foremost' of standing's three elements." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016), quoting *Steel Co. v. Citizens for Better Environment*, 523 U.S. 83, 103 (1998). "To establish injury in fact, a

6

plaintiff must show that he or she suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical." *Id.* at 1548, quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). A plaintiff must have incurred some "concrete injury even in the context of a statutory violation." *Id.* at 1549. That is, a party cannot "allege a bare procedural violation, divorced from any concrete harm, and satisfy the injury-in-fact requirement of Article III." *Id.*

Plaintiff's proposed Class 2 is not a sustainable class because, like in *Sandoval*, it would include "untold numbers" of potential class members who lack standing to assert any claims. The allegations for Class 2, and the proposed class definition, should be stricken.

**II.     If Class 2 Was Intended to Include Only Persons Called After Requesting Not To Be, The Proposed Class Allegations Still Should Be Stricken.**

To the extent that Plaintiff intended to include, or suggests a revision to include, that Class 2 only applies to persons called by Oxford (or a third party) after making a request not to be called, that position would not cure the problem. In order to sustain a class, Plaintiff must satisfy the four requirements of Rule 23(a) and then one of the requirements of Rule 23(b). With respect to Rule 23(b), Plaintiff asserts that the class can be certified under either Rule 23(b)(2) based on his seeking injunctive or declaratory relief or Rule 23(b)(3) based on a claim that questions of law or fact common to class members predominate over individual issues and that a class action is the superior method to adjudicate this controversy. (Compl. ¶ 53.) But Plaintiff's class, even with a potential revision to include only those persons who were called after requesting not to be, cannot satisfy either these requirements of Rule 23(b).

Starting first with Rule 23(b)(3), the section under which Plaintiff seeks to obtain monetary damages, Judge Gettleman recently held that any such class would fail to satisfy the predominance requirement for a "[w]hether a 'request to stop calling' was made is a question of

fact that will need to be litigated to each member of the class." *Tillman v. Hertz Corp.,* No. 16 C 4242, 2019 U.S. Dist. LEXIS 119349, at *5 (N.D. Ill. July 18, 2019). Common questions of fact would not predominate, and there would need to be mini-trials for each class member. *Id.* Most tellingly, in that case, the "plaintiff has cited no case in this district certifying a 'revocation class' like that proposed by plaintiff, nor any case denying a motion to strike such a class." *Id. See also Cholly v. Uptain Grp., Inc.*, No. 15 C 5030, 2017 U.S. Dist. LEXIS 14449 (N.D. Ill. Feb. 1, 2017) (striking class allegations in TCPA revocation of consent case for telephone calls because the case would require individual inquiries regarding revocation of consent); *Wolfkiel v. Intersections Ins. Servs., Inc.*, 303 F.R.D. 287, 293-94 (N.D. Ill. 2014) (same, and further holding that "[d]espite the fact that there have been more TCPA suits heard in this district than in any other district nationwide," the Court had not found nor had the plaintiffs provided it with any authority certifying a class action based on the revocation of prior consent in this District).

This Court should not be the first to allow any such class in this District, which absolutely involves individual questions that would predominate and where a class action would not be the superior method to adjudicate these claims. In this matter, as in *Tillman*, the Court would have to conduct mini-trials to determine the individual questions of consent and revocation. These determinations would be necessary to establish both the identity of the class and to rule on liability and damages for each class member. Accordingly, Plaintiff could not satisfy the predominance and superiority requirements of Rule 23(b)(3) even if the class definition were limited to those persons who asked not to be called.

To the extent that the Plaintiff then turns to his request for injunctive and declaratory relief and seeks certification alternatively pursuant to Rule 23(b)(2), a class action still would not be warranted even if limited to person whose requests not to be called allegedly were not

honored by Oxford. Certification of a class under Rule 23(b)(2) "is permissible only when class plaintiffs seek 'final injunctive relief' that is 'appropriate respecting the class as a whole.'" *Kartman v. State Farm Mut. Auto. Ins. Co.*, 634 F.3d 883, 886 (7th Cir. 2011). A Rule 23(b)(2) class is not appropriate where the requirements of an injunction have not been met. *Id.* at 892. "[T]o be entitled to equitable relief, a plaintiff must show that he suffered irreparable harm, that monetary damages are an inadequate remedy, that an equitable remedy is warranted on the balance of hardships, and that the public interest would be served by [an] injunction." *Cates v. Whirlpool Corp.*, No. 15-CV-5980, 2017 WL 1862640, at *24 (N.D. Ill. May 9, 2017). As in *Kartman* and *Cates*, neither Plaintiff nor the members of the putative class have suffered an irreparable harm, or one for which money damages would not provide an adequate remedy. In fact, Plaintiff expressly seeks money damages to redress the alleged violation. (Compl. at 12 § F.)

As the Seventh Circuit has explained, a Rule 23(b)(2) class is appropriate only "when the main relief sought is injunctive or declaratory, and the damages are only incidental." *In re Allstate Ins. Co.*, 400 F.3d 505, 507 (7th Cir. 2005). In TCPA cases, including those involving claims of a failure to honor do-not-call requests, the damages are the primary driver, and the injunctive and declaratory relief is secondary at best. As explained in *Wolfkiel*, in cases brought under the TCPA, "which provides for statutory damages for every violation of the Act … the monetary tail would be wagging the injunction dog." 303 F.R.D. at 293 (striking allegations seeking class certification pursuant to Rule 23(b)(2)).

Injunctive or declaratory relief would not be appropriate here as a basis to certify a class pursuant to Rule 23(b)(2) at any time, because Plaintiff is primarily seeking monetary damages, as is true in all TCPA cases. Even if the class were revised and redefined as only those persons

9

who requested not to be called but to whom Oxford or a third party on its behalf placed a subsequent call, Rule 23(b)(2) could not save the class.

Plaintiff's proposed Class 2cannot be saved by any revisions to the definition, including any request to limit it only to person who requested not to be called by Oxford, and it should be stricken, not revised.

WHEREFORE, Defendant Oxford Marketing Partners, LLC respectfully requests that this Court grant this Motion to Strike Allegations for Class 2 of Plaintiff's Complaint Pursuant to Fed. R. Civ. P. 23(d)(1)(D) and: (i) strike the Plaintiff's class claims with respect to Class 2 in Paragraph 54 of the Complaint [Dkt. No. 1]; and (ii) grant all other just relief.

Dated: August 7, 2019                                  Respectfully submitted,

                                                   Oxford Marketing Partners, LLC

                                                   By:  /s/   Bevin Brennan
                                                        One of its Attorneys

Bevin Brennan
Matthew Wilson
PEDERSEN & HOUPT
161 North Clark Street, Suite 2700
Chicago, Illinois 60601
(312) 641-6888
bbrennan@pedersenhoupt.com
mwilson@pedersenhoupt.com

*Attorneys for Defendant, Oxford Marketing Partners, LLC*